## Case No. 16,091.

### UNITED STATES v. PRIMROSE.

[Gilp. 58.] [1]

District Court, E. D. Pennsylvania.   Feb. 27, 1829.

SURETY ON REVENUE BOND — LIABILITY OF ADMINISTRATRIX—PLENE ADMINISTRAVIT.

In a suit of the United States, against the administratrix of a surety in a revenue bond, brought thirteen years after the breach, and twelve years after she had settled her administration account, without having had previous notice of the bond or forfeiture, she was held to be entitled to judgment, on pleading want of assets and fully administered.

[This was a suit by the United States against Violet Primrose, administratrix of John Primrose, deceased.]

This case was submitted to the court on the pleadings.

Mr. Ingersoll, U. S. Dist. Atty.

A. Randall, for defendant.

HOPKINSON, District Judge. Suit was brought on a bond dated on the 19th April, 1815, executed by John Primrose, in his life time, as surety for one Daniel Simpson, with a special condition, according to an act of congress, passed the 18th January, 1815, entitled "An act to provide additional revenues for defraying the expenses of government, and maintaining the public credit, by laying duties on various goods, wares and merchandise, manufactured within the United States." 2 Story's Laws, 1471 [3 Stat. 180]. The declaration charges that the said Simpson did not conform to the requisitions of the said act of congress, and the conditions of his said bond, and the breach is laid on the 1st of May, 1815. On the 27th May, 1815, a few weeks after the execution of the said bond, Primrose died. His widow, the present defendant, administered to his effects, and immediately called, by a notice published in the papers of this city, on all persons having any claims on the estate, to present their accounts. The administratrix then proceeded in regular course, to file and settle her accounts in the register's office; which settlement, in August, 1816, was duly and finally confirmed in the orphans' court. By this settlement a balance appeared to be in her hands of two hundred and twenty-nine dollars, and ninety-one cents. The debts due from the intestate far exceeding this sum, the administratrix, according to the law of Pennsylvania, applied to the orphans' court to appoint auditors to apportion and distribute this balance among the creditors, according to their respective rights. No further proceeding appears to have taken place on this application; for, in fact, the whole balance had previously, to wit, on the 29th July, 1816, been paid into the hands of William Delany, attorney at law, and acting for the creditors. According to his receipt the money was paid to them, "to be distributed according to the claims of the creditors, on the adjustment of the proportions." Mr. Delany has been dead several years, but several receipts have been found among his papers for sums paid to creditors, as their dividends of the estate. Things remained in this situation until the 11th March, 1828, nearly thirteen years, when the present defendant received a note from the district attorney, claiming the penalty of the bond, to wit, three hundred dollars, which was followed by this suit, brought to May sessions, 1828. This was the first knowledge the administratrix had of the existence of the bond. The declaration recites the bond, and the condition, and alleges the breach in the same words. The defendant pleads "nil debet," which puts the alleged breach in issue; but it is now admitted that the bond was forfeited. She further pleads "want of assets, and fully administered before she received notice of the obligation mentioned in the declaration." This exposition of the circumstances of the case, is sufficient to show that no devastavit has been committed; and the defendant is entitled to a judgment.